UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00292-FDW-DSC

| | | |
|---|---|---|
| CHERRY REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| MEGAN J. BENNAN, United States Postal | ) | |
| Service, Postmaster General, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on Plaintiff's Response (Doc. No. 12) to this Court's

Order to Show Cause as to why the complaint against Defendant Bennan should not be dismissed

for failure to prosecute. For the reasons set forth below, Plaintiff's Complaint (Doc. No. 6) is

DISMISSED *without prejudice*.

Plaintiff, proceeding pro se, filed the instant case on June 3, 2016. (Doc. No. 1). On July

22, 2016, the Court granted Plaintiff's Motion to proceed in forma pauperis and dismissed

Plaintiff's complaint without prejudice against all Defendants except Defendant Bennan in her

official capacity. (Doc. No. 3). Pursuant to this Court's Order, the U.S. Marshal attempted service

of Plaintiff's Complaint and returned an executed summons on September 19, 2016. (Doc. No.

10). After Defendant Bennan's deadline to answer had long passed, the Court issued an Order for

Plaintiff to show cause as to why her Complaint should not be dismissed for failure to prosecute.

(Doc. No. 11). Plaintiff responded on December 2, 2016, (Doc. No. 12), requesting the Court hold

Defendant in contempt for failing to answer the Complaint.

As described above, Defendant Bennan has not filed an answer to Plaintiff's Complaint,

and Plaintiff has failed to formally move for an entry of default under Rule 55(a) of the Federal

Rules of Civil Procedure.  However, "[a] document filed *pro se* is to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The Court reads Plaintiff's Response "generously" due to her pro se status, see Keene v. Thompson, 232 F. Supp. 2d 574, 578 (M.D.N.C. 2002), and therefore construes the response to be a Motion for Entry of Default.

When seeking an entry of default under Federal Rule of Civil Procedure 55(a), a plaintiff must first file a motion requesting that the Clerk enter default, and within that motion, set forth that service was perfected on the defendant in a manner allowable under Rule 4 of the Federal Rules of Civil Procedure.  Proof of proper service under Rule 4 is essential because "the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process."  See Scott v. Dist. Of Columbia, 598 F.Supp.2d 30, 36 (D.D.C. 2009); see also Traber v. Mortg. Elec. Registration Sys., Inc., No. 1:11-CV-126, 2012 WL 3039714, at *1 (W.D.N.C. July 25, 2012).

After examining Plaintiff's summons (Doc. No. 9), and the summons returned executed by the U.S. Marshals service (Doc. No. 10), the Court finds Plaintiff has failed to effectuate service under Rule 4 of the Federal Rules of Civil Procedure.  Pursuant to Rule 4(i), a plaintiff must serve the United States in any action against a federal officer in his or her official capacity.  FED. R. CIV. P. R. 4(i).  Plaintiff failed to submit a summons directing the U.S. Marshal to serve the United States or to provide proof that the United States was served.  Accordingly, the Court DENIES Plaintiff's Motion for Entry of Default (Doc. No. 12) and DISMISSES Plaintiff's Complaint *without prejudice.*  The Clerk is respectfully DIRECTED to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: December 20, 2016

Frank D. Whitney
Chief United States District Judge